## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | § | |
| | § | |
| **V.** | § | **No. 4:21-CR-253 (13)** |
| | § | |
| **SEGUN PATRICK ADEOYE** | § | |

---

## DEFENDANT'S MEMORANDUM
## IN SUPPORT OF PRETRIAL RELEASE

---

**TO THE HONORABLE CHRISTINE NOWAK:**

Segun Adeoye, through undersigned counsel, files this memorandum in advance of his detention hearing set Wednesday, October 20th, 2021, supporting issuance of his pre-trial release.  In support, we would show the Court the following:

### I.    THE GOVERNMENT CANNOT MOVE FOR DETENTION OF DR. ADEOYE DUE TO A 28-DAY DELAY IN THE HEARING

On September 22nd, 2021, Dr. Segun Adeoye was arrested in Kermit, TX while working an emergency room shift at the Winkler County Hospital due to a doctor shortage in the area. He lives in the Houston, TX area.  He was taken to Midland, TX for a Rule 5 hearing on September 23rd, 2021 in front of the Honorable Judge Ronald C. Griffin.  The Government filed a form motion to detain and for a 3-day continuance but was not present for Dr. Adeoye's appearance.    Dr. Adeoye was not assigned counsel nor advised of his right to retain counsel.

Fed. R. Crim. P. 5(d)(1)(B).  Dr. Adeoye then admitted he was indeed Segun Adeoye and was instructed to sign a form waiving his right to an identity hearing.

The Magistrate then immediately ended the hearing and entered an order of removal to the Eastern District of Texas, Sherman Division.  Dr. Adeoye has remained in custody for now twenty-eight (28) days, far more than the three-day continuance to which the Government is entitled.  At no time in this four-week period was Dr. Adeoye given nor advised of the right to a detention hearing.  18 U.S.C. §3142(f).

A defendant cannot be detained unless a hearing pursuant to the provisions of §3142(f) has been conducted.  *United States v. Gourley*, 936 F. Supp. 412, 415 (S.D. Tex. 1996).  Such hearing shall be "held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of such person may not exceed five days (not including any intermediate Saturday, Sunday, or legal holiday), and a continuance on motion of the attorney for the Government may not exceed three days (not including any intermediate Saturday, Sunday, or legal holiday).  18 U.S.C. § 3142(f)(2).  "A prompt hearing is necessary, and the time limitations of the [Bail Reform] Act must be followed with care and precision" because "a vital liberty interest is at stake."  *United States v. Montalvo-Murillo*, 495 U.S. 711, 716 (1990).[1]

---

[1] While the Court in *Montalvo-Murillo* ruled that violation of the strict time limitations in 18 U.S.C. §3142(f) does not require the release of a person who should otherwise be detained, it noted that "it is conceivable that some combination of procedural irregularities could render a detention hearing so flawed that it would not constitute 'a hearing pursuant to the provisions of subsection (f) for purposes of §3142€.'" *Montalvo-Murillo*, 495 U.S. at 717.  This is such a case, as no attempt to conduct the hearing took place before the order of detention.

Here, the Government moved for detention via written form, and moved for a continuance of 3 days on September 23rd, 2021.  Doc. 192, page 4.  Despite the time limitations imposed under 18 U.S.C. 3142(f), the Magistrate declined to hold a detention hearing, ordered Dr. Adeoye detained *without* a hearing, without counsel, and ordered him removed to the prosecuting district.

These 'procedural irregularities' and the resulting delay of *almost ten times* the statutory time limits have rendered this process so flawed that it is a violation of his right to a prompt detention hearing under 18 U.S.C. §3142(f) and his right to due process of law under the 5th and 14th Amendment.  *Montalvo-Murillo*, 495 U.S. at 717.

## II.    THE § 3142 FACTORS SUPPORT RELEASE

Even if the Court decides that the Government is indeed entitled to move for detention after a month of incarceration, the factors in 18 U.S.C. §3142 all point to release.

Dr. Segun Adeoye is a 47-year-old medical doctor who: (1) has absolutely no criminal history whatsoever, (2) has strong ties to the Houston community and a full support network ensuring he follows all conditions of pre-trial release, and (3) is in no way a flight risk or danger to the community, particularly given the multiple businesses and medical clinics he owns and operates in the Houston area.  Several friends, colleagues, and family members have written letters to the Court supporting his qualifications for release, and a number have driven across the state to Sherman to be present for his hearing and show their support.  *See* Exhibit 1, Letters.  Those factors,

3

along with the ongoing COVID-19 pandemic that has permeated the detention system, strongly indicates Dr. Adeoye should be granted release.  Indeed, Defendant's pretrial report recommends he be released on his own personal recognizance.

The Government has moved for detention against all twenty-three defendants in this indictment, of which Dr. Adeoye is number 13.  The Government makes written allegations of formal membership in a Nigerian criminal organization, that defendants *as a whole* have an incentive to flee to Nigeria, and that *as a whole* the group of 23 regularly use deceptive techniques and thereby have the means to flee.  None of this applies to Dr. Adeoye, a respected medical professional, and such blanket allegations do little to meet the Government's burden to prove danger or risk of flight.

This burden is and remains on the government to show that there are no conditions or combination of conditions which could be set that would "reasonably assure" Defendant's appearance or the safety of the community. See *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985) ("The standard is reasonably assure appearance, not 'guarantee' appearance, and that detention can be ordered on this ground only if 'no condition or combination of conditions will reasonably assure the appearance.'").  When the factors in 18 U.S.C. §3142(g) are considered, all signs point to release:

## II.

1. ***The nature and circumstances of the offense charged:***  Defendant is charged with one count of conspiracy to commit wire fraud under 18 U.S.C. §1349 and one count of conspiracy to commit money laundering under 18 U.S.C. §1956.  While the

Government has yet to provide discovery, upon information and belief from the Government, the conduct involves receiving money from a co-conspirator to be wired to a Chinese seafood company.  Dr. Adeoye was never interviewed about the facts of the offense, and was unaware of the investigation until his arrest on September 22nd of this year.  While the extent of the allegations is not known, it is likely that any resulting sentence would be in the single-digit range.

2. **The weight of the evidence:**  Attorneys for the government have elected not to disclose any discovery to attorney for Dr. Adeoye, thus we have no basis to comment specifically on the status of the evidence against Dr. Adeoye.

3. **The person's history and characteristics:** Dr. Adeoye is 47-years-old, was indeed born in Nigeria, and is a lawful permanent resident of the United States, planning to apply for citizenship after the mandatory 5-year waiting period.  He has lived in the Houston, TX area for the past 4 years, and has not visited Nigeria since the year 2013 to visit family after he finished his residency.

   After spending time as a contract physician with different medical facilities, he now owns two clinics in the Houston area, both catering to lower-income families, often working to solve their medical problems without pay.  *See Exhibit 1, Letters.* Upon his arrest, he was working a shift at the emergency room at Winkler County Memorial Hospital in Kermit, TX as the town hospital had difficulty staffing the facility.  He lives in the Houston area with several family members, including his sister and sister-in-law and their children, all of whom he helps support.

Segun has never before had any arrests, negative contact with law enforcement, or any alleged violations of state or federal law.  He has no history of alcohol/drug abuse or any violent tendencies whatsoever, and has had strong community ties to the Houston area for several years.

4. ***The nature and seriousness of the danger to any person or the community that would be posed by the person's release:***  Dr. Adeoye poses absolutely no danger to the community or individuals should he be released.   His passport can be surrendered upon the Court's order.  He owns and operates multiple medical clinics, catering to the underprivileged of the Houston area, and he will focus his time and energy on running those clinics and helping them recover from his month-long absence while in custody awaiting this hearing.

### III.

Beyond the factors listed in 18 U.S.C. §3142, the global COVID-19 pandemic's infection into the pretrial detention system must also be taken into consideration.  This Court should consider the "total harm and benefits to prisoner and society" that continued pretrial imprisonment of Adeoye will yield relative to the heightened health risk posed to him during this continuing pandemic. *See United States v. D.W.*, 198 F.Supp. 3d 18, 23 (E.D.N.Y. 2016); *Davis v. Ayala*, 135 S. Ct. 2187, 2209 (2015) (Kennedy, J., concurring) (calling for heightened judicial scrutiny of the projected impact of jail and

prison conditions on a defendant). Conditions of pretrial confinement create the ideal environment for the transmission of contagious disease.[2]

Finally, page 53 of the Compendium of Federal Justice Statistics from 2004 evidences that only one-tenth of one percent (0.1%) of defendants who were given conditional pretrial release violated their conditions. Page 54 of this compendium sets forth statistics of the success rate of defendants with certain characteristics (age, education, etc.) on pre-trial release. These statistics strongly support that Adeoye will not violate any conditions of pre-trial release, and poses no risk of flight.

## IV. CONCLUSION

Defendant prays this Court grant him pre-trial release in accordance with the pretrial report's recommendation. Adeoye poses no danger to the community nor any risk of flight, and the Court can confidently impose conditions that will assure the safety of the community and Defendant's appearance.

---

[2] Joseph A. Bick (2007). Infection Control in Jails and Prisons. *Clinical Infectious Diseases* 45(8):1047-1055, *at* https://doi.org/10.1086/521910.

Respectfully submitted,

**THE AKERS FIRM, PLLC**

*/s/ Cordt C. Akers*
Cordt C. Akers
The Akers Firm, PLLC
3401 Allen Pkwy, Ste. 101
Houston, Texas 77019
Tel:    (713) 877-2500
Fax: 1 (713) 783-8662
Email:   cca@akersfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing via the Electronic Filing System for the Southern District of Texas, which served attorneys for the Government, and also emailed copies to the attorneys for the government.

*/s/ Cordt C. Akers*
Cordt C. Akers