**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES** | § | |
| | § | |
| **V.** | § | **No. 4:21-CR-253 (13)** |
| | § | |
| **SEGUN PATRICK ADEOYE** | § | |

**REPLY TO GOVERNMENT RESPONSE**
**TO SEGUN ADEOYE'S MOTION FOR SEVERANCE**

**TO THE HONORABLE AMOS MAZZANT:**

Segun Adeoye, Defendant, by his attorney Cordt Akers, files this Reply in Support of his Motion for Severance from his codefendants.  In support, we show the following:

**I.**

The Government notes primarily that Adeoye cannot make any showing of Iribhogbe's willingness to exonerate Adeoye.  As it happens, we can.

In a letter written to Segun Adeoye by defendant Edgal Iribhogbe and recently obtained by defense counsel, Iribhogbe by his own hand indicates his willingness and desire to help Dr. Adeoye as "[he] know[s] [Dr. Adeoye] is completely innocent and must be exonerated from this indictment." *Exhibit 1, Iribhogbe Letter*.  Iribhogbe notes that he "already told [his] lawyer that [Adeoye] is completely innocent" and that he is "very shocked why [Adeoye]'s being linked" to the indictment.  *Id.*  This newly discovered evidence solidifies Adeoye's severance claim.

As to the Government's future hearsay objection, *Thomas* is instructive in that the statement would be admissible under Rule 804.  In *United States v. Thomas*, 571 F.2d 285 (5th Cir. 1978), the Fifth Circuit reversed Mr. Thomas's bank robbery conviction because the district court denied admission of his co-defendant's (Mr. Weeks's) statement against interests that was

exculpatory as to Mr. Thomas. *Id*. at 290. At a preliminary hearing, after being advised of his rights, Mr. Weeks stated "they ought to let Rowland Thomas go, he didn't have anything to do with it." *Id*. at 288. In finding the statement 'sufficiently trustworthy,' the 5th Circuit ruled it was error to exclude the statement. Regardless, admissibility of the statement is something the Court may rule upon at a separate trial.

The Government doubles down by saying that a statement or testimony by a codefendant that Dr. Adeoye is innocent is somehow not exculpatory.  Beyond Dr. Adeoye, there is one person and one person only who knows what was made known to Adeoye regarding this transfer: Edgal Iribhogbe.  That single individual is freely expressing Dr. Adeoye's innocence.  Despite the Government's efforts, nothing could *be* more exculpatory than these facts.

## II.

As to the effect of spillover evidence, this response is the only circumstance and pleading in which the Government has not attempted to direct the Court's attention to the acts and conduct of defendants *as a group*.  The Government accuses Adeoye of making one $43,000 transaction in an indictment alleging a minimum of a $17,000,000 loss.  0.2% of the enterprise.  Should Segun Adeoye be tried together with the other codefendants, his counsel will be objecting and asking for limiting instructions on a minute-by-minute basis.  Adeoye will be subjected to testimony regarding flushing evidence down toilets, threats of violence to others, membership in criminal organizations, 'Pan-Africanism and militant action,' and other aspects of the alleged international criminal conspiracy.  *See Indictment, generally*.  **None of this applies to Segun Adeoye**.

To require him to be tried together with this group would be to subject him to the prejudicial spillover that would inevitably occur from these allegations of violence, obstruction, and millions of dollars of transactions and multiple victims.  Limiting instructions on this and other evidence

would not be curative, and Adeoye's trial must be severed. *See United States v. Cortinas,* 142 F.3d 242, 248 (5th Cir. 1998) ("Limiting instructions given by the trial judge were inadequate to mitigate the prejudicial effect of the overwhelming testimony regarding the violent, criminal activities.").

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, Dr. Segun Adeoye respectfully requests this Court sever his trial from his codefendants and give Dr. Adoeye the Speedy Trial to which he is entitled without the prejudice of being subjected to the evidence against his codefendants.

Respectfully submitted,

THE AKERS FIRM, PLLC

*/s/ Cordt C. Akers*
Cordt C. Akers
The Akers Firm, PLLC
3401 Allen Pkwy, Ste. 101
Houston, Texas 77019
Tel:    (713) 877-2500
Fax: 1+(713) 583-8662
Email:  cca@akersfirm.com

**ATTORNEY FOR**
**SEGUN ADEOYE, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing via the Electronic Filing System for the Southern District of Texas, which served attorneys for the Government, and also emailed copies to the attorneys for the government.

*/s/ Cordt C. Akers*
**Cordt C. Akers**