IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES | § | |
| | § | |
| V. | § | No. 4:21-CR-253 (13) |
| | § | |
| SEGUN PATRICK ADEOYE | § | |

## SEGUN ADEOYE'S MOTION TO REOPEN DETENTION HEARING DUE TO CHANGED CIRCUMSTANCES

**TO THE HONORABLE AMOS MAZZANT:**

COMES NOW, Segun Adeoye, by and through his attorney of record, Cordt C. Akers, and respectfully requests reopening of the Court's January 11th, 2022 Detention Order as provided in 18 U.S.C. §1342(f)(2). Due to changed circumstances and newly obtained evidence discussed below, it is appropriate to consider the imposition of conditions of release that will serve to reasonably assure Dr. Adeoye's appearance at trial.

### I.   INTRODUCTION

Dr. Segun Adeoye has been in United States custody since September of 2021 – approximately 18 months. Upon consulting with attorneys for the Government, the total amount of loss in this case that Dr. Adeoye could have foreseen was a total of $43,000.00. Under the United States Sentencing Guidelines, a loss in that amount is tantamount to a 'time-

served' sentence if Dr. Adoeye is sentenced within the guideline range.[1] He therefore has no risk of flight as he has *no reason to flee* as he has, in essence, already served his sentence.

Further, Dr. Adeoye has come into possession of exculpatory evidence – a handwritten letter from codefendant Edgal Iribhogbe exonerating him from knowing participation in the conspiracy. This evidence was unavailable – and indeed did not exist –at the detention hearing, and, as it has a material bearing on the matter, empowers the Court to reassess Dr. Adeoye's order of detention pending trial.

Both situations alone are enough to justify Dr. Adeoye's release. Together, they will most assuredly secure Adeoye's appearance at trial.

## II. PROCEDURAL HISTORY

Adeoye was arrested in on September 22, 2021. On October 20, 2021, a detention hearing was held before the Honorable Judge Christine Nowak. After conducting a hearing on the matter and taking evidence, Judge Nowak ordered Adeoye released.[2] The United States requested a stay on the order. On January 11th, 2022, the Magistrate's order of release was revoked and Adeoye was ordered to remain in custody. He has been in custody now a total of 18 months –indeed the cost to the United States taxpayer for incarcerating Adeoye has far exceeded the loss amount for his alleged conduct.[3]

## III. ARGUMENT

---

[1] With a base offense level of 7, a loss of $43,000.00 gives Adeoye an offense level of 13, as no other enhancements are applicable. U.S.S.G. §2B1.1. Even without a minor role reduction or acceptance of responsibility, Dr. Adeoye has served the time required for a guideline sentence.
[2] Pretrial Services also recommended Adeoye's release on his own recognizance with certain conditions.
[3] The average annual cost for a federal inmate in 2020 was $39,924 per year. Based on Adeoye's length of pretrial incarceration thus far, it has cost the taxpayers approximately 1.5 times that amount - $59,886.00. Far more than the $43,000 loss amount alleged as to Dr. Adeoye.

"There can be no doubt that the [Bail Reform] Act clearly favors non-detention." *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992). Against this backdrop, pretrial detention may be challenged on the grounds that new and material evidence empowers a court to reopen a detention hearing. 18 U.S.C. § 3142. Section § 3142(f)(2) states:

> [a detention] hearing may be reopened . . . at any time before trial if the judicial officer finds that information exists that was *not known* to the movement at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

(Emphasis added). In short, for the court to reopen a detention hearing, two prongs must be satisfied: the evidence must be "both [1] new and [2] material to the defendant's risk of flight or danger to community." *United States v. King*, No. 3:21-CR-439-X, 2022 WL 2670277, at *3 (N.D. Tex. July 8, 2022) (citing *United States v. Stanford*, 367 F. Appx. 507, 510 (5th Cir. 2010) (unpublished) (citation omitted)). Under the newly-discovered-prong, the defendant must provide "how the evidence was discovered or why it had been previously unavailable." *United States v. Stanford*, 341 Fed. Appx. 979, 984 (5th Cir. 2009) (unpublished). Under the material-bearing-prong, the evidence must be "truly changed circumstances, something unexpected, or a significant event." *United States v. Morris*, 452 F. Supp. 3d 484, 487 (N.D. Tex. 2020). Dr. Adeoye satisfies both prongs.

1. **Dr. Adeoye has already serve 18 months' detention, exhausting any likely incarceration he would endure for a guideline-range sentence.**

Dr. Adeoye was taken into custody on the indictment in September 2021, giving him approximately 18 months' time-served in custody on any potential sentence. With a base offense level of 7, and an enhancement for the foreseeable loss amount of $43,000.00 of +6,

3

Dr. Adeoye is left with a likely guidelines sentence of 13. U.S.S.G. §2B1.1. As Dr. Adeoye has absolutely no criminal record to speak of, this corresponds to a sentence of 12-18 months under the guidelines. This, of course, does not account for any possible points for acceptance of responsibility should this result on a plea, aberrant behavior, or any minor role reduction (Adeoye is only foreseeably responsible for one transaction of $43,000 of loss in a case involving a total of at least $17,000,000).

Just as a significant possibility of a long jail sentence awaits a risk of flight, a likelihood of no incarceration negates that risk. Dr. Adeoye, now that he has served either the full term or a vast majority of any possible sentence, poses no risk of flight. This fact is "both [1] new and [2] material to the defendant's risk of flight." *Stanford*, 367 F. Appx. 510. In short, whatever risk of flight the Government claimed existed at the detention hearing is no longer present –as he has little to no consequences to face if given bond. A combination of conditions can assure his presence at trial.

**2. The Iribhogbe Letter Constitutes Newly Discovered Evidence of Exoneration**

Dr. Adeoye is charged with one count of conspiracy to commit wire fraud under 18 U.S.C. § 1349 and one count of conspiracy to commit money laundering under 18 U.S.C. § 1956. Both counts require knowledge of the conspiracy, which Dr. Adeoye lacked. The only individual that Adeoye had any semblance of a connection to with regards to these allegations is Edgal Iribhogbe. It is this same defendant that has, in writing, exonerated Adeoye. *See* Exhibit 1, Iribhogbe Letter.

In the letter, Iribhogbe proclaimed Dr. Adeoye's innocence: "I already told my lawyer that ***you're completely innocent***" *Id*. Beyond the letter's truly exculpatory force, it also proves

that Dr. Adeoye first came into possession of this tangible evidence almost one year *after* his October 20th, 2021 detention hearing.

Evidence pertaining to § 3142(f)(2) is material if it "increases the chances the defendant appears for their criminal hearing or decrease[s] the danger the defendant poses to an individual or the community." *Munguia*, No. 3:19-CR-191-B (03), 2020 WL 1471741, at *3 (citation omitted).

Applying Dr. Adeoye's newly discovered evidence, as done below, to the § 3142(g) factors and against the backdrop that Dr. Adeoye is detained because he was deemed a flight risk, the only logical conclusion is that Irighogbe's letter is material. More importantly, the evidence overwhelmingly weighs in favor of "release [ ] on personal recognizance . . . or an unsecured appearance bond." § 3142(a)(1). At the very least, it proves that Dr. Adeoye is entitled to "release [ ] on conditions or a combination of conditions" as the Court determines. § 3142(a)(2). To this end, whether newly discovered evidence is material or not depends on the net effect the new evidence has on the § 3142(g) factors. *See United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

As discovery has been produced over time, the evidence against Adeoye has been increasingly thin. The only evidence connecting Adeoye with any act in this conspiracy is a $43,000.00 wire transfer, done at Iribhogbe's behest, to a company in Japan called Kyokuyo, Ltd. There exists no communication between the two regarding any alleged illegality of this transfer. Following, the only individual with whom Adeoye had any connection or conversation with about that transfer is, in fact, Edgal Iribhogbe. It is that one individual and one connection that has now stated, in writing, that Adeoye is innocent. Coupled with the

low likelihood of further incarceration even after a trial, he now faces a case that has gotten worse, not better, for the Government over time.

Before this newly discovered evidence, the Government's argument rested on a porous foundation. Now, with Edgal Iribhogbe's letter further supporting Dr. Adeoye's contention that he did not know he was transferring ill-gotten funds, their argument surely cannot stand. This letter presents a monumental hurdle to the Government's scant evidence against Dr. Adeoye. As such, there is even less reason to believe that Dr. Adeoye is a flight risk. Thus, Edgal Irighobe's letter is certainly material, if not completely exonerating, and merits reopening Dr. Adeoye's detention hearing.

## CONCLUSION

Dr. Adeoye respectfully asks that this Court reopen the detention hearing, consider the new material information including the fact that Adeoye has *already served* a guideline-level sentence, and order the defendant's release subject to whatever conditions the Court deems appropriate.

Respectfully submitted,

**THE AKERS FIRM, PLLC**

*/s/ Cordt C. Akers*
Cordt C. Akers
The Akers Firm, PLLC
3401 Allen Pkwy, Ste. 101
Houston, Texas 77019
Tel:    (713) 877-2500
Fax: 1+(713) 583-8662
Email:  cca@akersfirm.com

**ATTORNEY FOR
SEGUN ADEOYE, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing via the Electronic Filing System for the Eastern District of Texas, which served attorneys for the Government, and also emailed copies to the attorneys for the government.

*/s/ Cordt C. Akers*
**Cordt C. Akers**

## CERTIFICATE OF CONFERENCE

I hereby certify that I spoke with Heather Rattan to ascertain the opposition on the foregoing matter with attorneys for the Government on March 29th, 2023, and they are opposed.

*/s/ Cordt C. Akers*
**Cordt C. Akers**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | § | |
| | § | |
| **V.** | § | No. 4:21-CR-253 (13) |
| | § | |
| **SEGUN PATRICK ADEOYE** | § | |

## ORDER

Upon consideration of Defendant Segun Adeoye's Motion to Reopen Detention Hearing, the Court finds that it is GRANTED.