# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES | § | |
| | § | |
| v. | § | No. 4:21-CR-253(13) |
| | § | Judge Mazzant |
| SEGUN ADEOYE | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Adeoye's Request to Allow the Compelling of Witness Testimony Remotely (Dkt. #925). Having considered the motion and the relevant pleadings, the Court finds that Defendant Adeoye's Request to Allow the Compelling of Witness Testimony Remotely should be **DENIED.**

## BACKGROUND

The United States has brought charges against Segun Adeoye ("Adeoye") and others that they did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1343 and 18 U.S.C. § 1956(h), for money laundering and wire fraud (Dkt. #862 at pp. 2–3, 12–13).

Within the alleged scheme, the United States claims that on or about May 15, 2020, Edgal Iribhogbe withdrew three cashier's checks payable to Adeoye totaling approximately $43,000 (Dkt. 862 at p. 8). Subsequently, on or about May 27, 2020, Adeoye allegedly wired $43,000 from his Chase Bank account ending in 0603 to a Japanese bank account in the name of Kyokuyo Co. Ltd. (Dkt. #862 at p. 8).

Additionally, the United States claims that the defendants, including Adeoye, used healthcare businesses to further their fraud and money laundering scheme, "such as medical clinics that fraudulently prescribed medications and narcotics to patients" (Dkt. 862 at p. 10). In support

of this claim, the United States identifies Adeoye's activities (Dkt. 862 at p. 10). Adeoye operated a family medicine clinic in the Houston Area (Dkt. 862 at p. 10). However, he allegedly wrote at least 5,500 controlled substance prescriptions, including opiates, between 2019 and 2021 (Dkt. 862 at p. 10). His alleged rate of prescription was approximately 400% greater than the average typical family medicine doctor and approximately 140% greater than the typical pain management specialist (Dkt. 862 at p. 10).

Adeoye desires to have his younger brother, Remi Adeoye, testify remotely (Dkt. #925). Adeoye's brother is a resident of Canada and has had difficulty obtaining a temporary visa to visit the United States and testify on Adeoye's behalf. Further, Adeoye's brother has only recently obtained employment and no date for his testimony is currently set (Dkt. #925 at p. 1). Adeoye's brother would testify regarding the nature of the vast majority (approximately 90%) of Adeoye's monetary transfers to Nigeria (Dkt. #1007 at p. 1–2). "The crux of his testimony [would be] that all remittances [from Adeoye] to him [were] for the sole purpose of family upkeep" (Dkt. #1007 at p. 2).

The United States opposes Adeoye's motion and timely filed its response (Dkt. #985). Adeoye timely filed his reply (Dkt. #1007).

## LEGAL STANDARD

The Federal Rules of Criminal Procedure strictly limit the ability of witnesses to testify remotely. "In every trial the testimony of witnesses must be taken in open court, unless otherwise provided by a statute or by rules adopted under 28 U.S.C. §§ 2072–2077." FED. R. CRIM. P. 26.

## ANALYSIS

Adeoye argues that the Court should allow his younger brother's testimony because it is "critical to [Adeoye's] defense" and his brother cannot obtain timely entry to the United States (Dkt. 925 at p. 1). Adeoye further claims that no other witness more readily available in the United States can act as a substitute for his brother's testimony (Dkt. #1007 at p. 2). He asserts that "[t]he unique circumstances in this case and the importance of [his younger brother's] testimony make a compelling argument for permitting [the] testimony [to be] remotely delivered" (Dkt. #1007 at p. 2).

The United States argues that "there is no express provision for remote testimony in criminal cases though courts will permit such testimony where exigencies make it difficult if not impossible for a witness to appear in person" (Dkt. #985 at p. 2). Rather, Federal Rule of Criminal Procedure 26 requires that the testimony of witnesses at trial be taken in open court (Dkt. #985 at p. 2).

No party has provided and the Court cannot identify authority allowing a witness to testify remotely in the circumstances of this case. Federal Rule of Criminal Procedure 26 is clear that "[i]n every trial the testimony of witnesses must be taken in open court," unless an exception applies. FED. R. CRIM. P. 26. Unless an exception applies, remote testimony by a witness in a criminal trial is inappropriate. This rule stands in stark contrast to its civil counterpart, where "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." FED. R. CIV. P. 43(a).

The Supreme Court of the United States has rejected an amendment to Federal Rule of Criminal Procedure 26 that would have allowed "court['s] to receive the video transmission of an

absent witness if certain conditions are met." 207 F.R.D. 89. Justice Scalia, writing on behalf of the Supreme Court, noted that such an amendment "is of dubious validity under the Confrontation Clause of the Sixth Amendment to the United States Constitution." *Id.* at 93. Under *Maryland v. Craig*, "a defendant can be denied face-to-face confrontation during live testimony at trial only if doing so is 'necessary to further an important public policy,' and only 'where there is a case-specific finding of [such] necessity.'" *Id.* (citing *Maryland v. Craig*, 497 U.S. 836, 850, 857–58 (1990)). According to the Supreme Court, the amendment would have been "unquestionably contrary to the rule enunciated in" *Maryland v. Craig. Id.*

Absent an exception, the Court declines to depart from the requirements of Federal Rule of Criminal Procedure 26. Therefore, the Court denies the present motion.

**CONCLUSION**

It is therefore **ORDERED** that Defendant Adeoye's Request to Allow the Compelling of Witness Testimony Remotely (Dkt. #925) is hereby **DENIED.**

> **IT IS SO ORDERED.**

> **SIGNED this 8th day of January, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE