# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES § § | |
| v. § | No. 4:21-CR-253(13) |
| § | Judge Mazzant |
| SEGUN ADEOYE § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Segun Adeoye's Motion for Court-Appointed/Paid Special/Private Investigator (Dkt. #1008). Having considered the motion and the relevant pleadings, the Court finds Defendant Segun Adeoye's Motion for Court-Appointed/Paid Special/Private Investigator should be **DENIED.**

### BACKGROUND

The United States has brought charges against Segun Adeoye ("Adeoye") and others that they did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1343 and 18 U.S.C. § 1956(h), for money laundering and wire fraud (Dkt. #862 at pp. 2–3, 12–13).

Within the alleged scheme, the United States claims that on or about May 15, 2020, Edgal Iribhogbe withdrew three cashier's checks payable to Adeoye totaling approximately $43,000 (Dkt. 862 at p. 8). Subsequently, on or about May 27, 2020, Adeoye allegedly wired $43,000 from his Chase Bank account ending in 0603 to a Japanese bank account in the name of Kyokuyo Co. Ltd. (Dkt. #862 at p. 8).

Additionally, the United States claims that the defendants, including Adeoye, used healthcare businesses to further their fraud and money laundering scheme, "such as medical clinics that fraudulently prescribed medications and narcotics to patients" (Dkt. 862 at p. 10). In support

of this claim, the United States identifies Adeoye's activities (Dkt. 862 at p. 10). Adeoye operated a family medicine clinic in the Houston Area (Dkt. 862 at p. 10). However, he allegedly wrote at least 5,500 controlled substance prescriptions, including opiates, between 2019 and 2021 (Dkt. 862 at p. 10). His alleged rate of prescription was approximately 400% greater than the average typical family medicine doctor and approximately 140% greater than the typical pain management specialist (Dkt. 862 at p. 10).

Adeoye requests that the Court appoint a private investigator to assist with defense preparation (Dkt. #1008).[1] The United States opposes Adeoye's motion and filed a response (Dkt. #1036). Adeoye filed a reply (Dkt. #1051).

## LEGAL STANDARD

"Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). Where the Court finds that such services are necessary and the person is financially unable to obtain them, the Court shall authorize counsel to obtain said services. *Id.* Within certain limitations, the Court provides compensation for the provision of such services. *Id.* § 3006A(e)(3).

The statute requires "'that the services are necessary for an adequate defense and that the defendant is financially unable to obtain those necessary services.'" *United States v. Rodriguez-Perez*, 428 Fed. App'x 324, 326–327 (5th Cir. 2011) (quoting *United States v. Hardin*, 437 F.3d 463, 470 (5th Cir.2006)). A court does not need to hold a hearing in all circumstances on an ex parte application for appointment under 18 U.S.C. § 3006A(e)(1). *Hardin*, 437 F.3d at 470. "To justify

---

[1] Adeoye is a pro se defendant in this case and has been since August 24, 2023 (Dkt. #787).

2

the authorization of investigative services under 18 U.S.C. § 3006A(e)(1), a defendant must demonstrate with specificity, the reasons why such services are required." *United States v. Gadison*, 8 F.3d 186, 191 (5th Cir. 1993).

## ANALYSIS

For the purposes of this motion, the Court assumes Adeoye meets the indigency requirements of 18 U.S.C. § 3006A(e)(1). Therefore, the Court considers whether Adeoye has met his burden to demonstrate with specificity why the requested services are required. *See Gadison*, 8 F.3d at 191.

Adeoye argues that the Court should appoint a private investigator to aid him in defense preparation (Dkt. #1008 at p. 2). The private investigator would gather new information and review, sort, and authenticate new information (Dkt. #1008 at p. 2). "These processes may entail phone contacts, site visits[,] and personal interviews" (Dkt. #1008 at p. 2).

The United States claims that "[t]he reasons Adeoye offers to justify the appointment of an investigator are insufficiently specific" (Dkt. #1036 at p. 2). "Gathering, reviewing, and sorting information, phone calls, site visits, and interviews are the generic tasks of any investigator and lack the specific required" (Dkt. #1036 at p. 3). "Adeoye also does not propose any particular evidence, prospective witnesses, or avenues of inquiry to which these tasks will be directed" (Dkt. #1036 at p. 3).

In his reply, Adeoye provides additional reasons for which he seeks to obtain a court-appointed investigator:

> "[Adeoye] need[s] the investigator to assist with gathering new evidence mostly related to updated alleged offenses in the recent superseding indictment, especially to investigate the new claims of the government . . . The investigator will also help [Adeoye] review some discovery matter . . . The material is also voluminous, and an

3

> extra hand and eyes will speed along the review process . . . Furthermore, in developing a potential witness list, [Adeoye] will need assistance with obtaining background information on these witness[es,] including legal names and current addresses. [Adeoye] will also need help with potential site visits and one-on-one interviewing for evidence gathering."

(Dkt. #1051 at p. 2). Adeoye has not met his burden of justifying the authorization of an investigator under 18 U.S.C. § 3006A(e)(1). Adeoye's reasons justifying the authorization of an investigator are general and not specific. *See United States v. Bonner*, 1:19-CR-310-1-RP, 2021 WL 1392066, at *2 (W.D. Tex. Apr. 13, 2021). The reasons Adeoye provides fall into three categories: (1) investigating old evidence, (2) investigating new evidence, and (3) preparing a potential witness list (Dkt. #1051 at pp. 1–2). In each of these categories, Adeoye did not mention the relevance of the evidence or witnesses, point to any leads that need to be pursued, or explain what investigative efforts have been exhausted. *See United States v. Davis*, 582 F.2d 947, 950–51 (5th Cir. 1978) ("Defendants did state that the investigator might contact potential witnesses, but they did not mention the relevance of these witnesses, point to any particular lead which needed to be pursued, or explain what investigative efforts had been exhausted. The trial court did not abuse its discretion in denying this motion.").

For the reasons discussed above, Adeoye did not meet his burden to demonstrate, with specificity, the reasons why an investigator is required. Therefore, the Court denies the present motion.

## CONCLUSION

It is therefore **ORDERED** that Defendant Segun Adeoye's Motion for Court-Appointed/Paid Special/Private Investigator (Dkt. #1008) is hereby **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 9th day of January, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE