# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES § § | |
| v. § § | No. 4:21-CR-253(13) |
|   § | Judge Mazzant |
| SEGUN ADEOYE § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Segun Adeoye's Motion to Access Grand Jury Minutes and Testimony Presented (Dkt. #1049). Having considered the motion and the relevant pleadings, the Court finds that Defendant Segun Adeoye's Motion to Access Grand Jury Minutes and Testimony Presented should be **DENIED.**

## BACKGROUND

The United States has brought charges against Segun Adeoye ("Adeoye") and others that they did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1343 and 18 U.S.C. § 1956(h), for money laundering and wire fraud (Dkt. #862 at pp. 2–3, 12–13).

Within the alleged scheme, the United States claims that on or about May 15, 2020, Edgal Iribhogbe withdrew three cashier's checks payable to Adeoye totaling approximately $43,000 (Dkt. 862 at p. 8). Subsequently, on or about May 27, 2020, Adeoye allegedly wired $43,000 from his Chase Bank account ending in 0603 to a Japanese bank account in the name of Kyokuyo Co. Ltd. (Dkt. #862 at p. 8).

Additionally, the United States claims that the defendants, including Adeoye, used healthcare businesses to further their fraud and money laundering scheme, "such as medical clinics that fraudulently prescribed medications and narcotics to patients" (Dkt. 862 at p. 10). In support

of this claim, the United States identifies Adeoye's activities (Dkt. 862 at p. 10). Adeoye operated a family medicine clinic in the Houston Area (Dkt. 862 at p. 10). However, he allegedly wrote at least 5,500 controlled substance prescriptions, including opiates, between 2019 and 2021 (Dkt. 862 at p. 10). His alleged rate of prescription was approximately 400% greater than the average typical family medicine doctor and approximately 140% greater than the typical pain management specialist (Dkt. 862 at p. 10).

Adeoye requests that the Court grant him "unfettered access to grand jury minutes and materials" (Dkt. #1049 at p. 3). The United States did not file a response.

## LEGAL STANDARD

Grand jury proceedings are "shrouded by a general rule of secrecy" to protect the grand jury process and are only disclosed under a limited set of exceptions. *Shields v. Twiss*, 389 F.3d 142, 147–48 (5th Cir. 2004); *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 218–19 (1979). Federal Rule of Criminal Procedure 6(e) provides one avenue for disclosure, prohibiting release of a grand jury transcript unless the defendant demonstrates a "particularized need" in proving "a ground may exist to dismiss the indictment." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399–401 (1959). Even when the defendant carries this burden, the court still weighs the need against the great interest in preserving grand jury secrecy. *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993).

Exculpatory evidence rules provide a second avenue for accessing a grand jury transcript, under which the Fifth Circuit applies the limited standards set forth in *Brady v. Marlyand*. *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998). To prove a grand jury transcript should be disclosed as exculpatory evidence, defendants must establish: (1) the evidence is favorable to the accused

because it is exculpatory or impeachment; (2) the Government suppressed the evidence; and (3) prejudice resulted from the non-disclosure. *Banks v. Dretke*, 540 U.S. 668, 691 (2004).

## ANALYSIS

Adeoye argues that he should receive unfettered access to grand jury minutes and materials because he alleges that Assistant U.S. Attorney Heather Rattan ("Rattan") misrepresented to the grand jury that he and all other defendants in this case are members of a Nigerian criminal organization (Dkt. #1049 at pp. 1–3). Adeoye bases his argument on the statement of Cody Skipper ("Skipper"), Ejiro Ohwovoriole's attorney, on September 21, 2021 (Dkt. #1049 at pp. 1–2). Skipper stated to the Court that Rattan had submitted a filing to the Court stating that "[all d]efendants . . . are formal members of a Nigerian criminal organization . . . " (Dkt. #1049 at p. 2). "Based on information and extrapolations, [Adeoye is] confident that [Rattan] made similar misrepresentation[s] to the grand jury" (Dkt. #1049 at p. 1).

At no point in his motion did Adeoye indicate that he seeks information that is exculpatory or that he seeks to prove that a ground may exist to dismiss the indictment. Therefore, the Court may deny the present motion on these grounds alone.

Assuming that Adeoye seeks to prove that a ground may exist to dismiss the indictment, he has still not met his burden. Adeoye speculates based on the Skipper's statement that Rattan made misrepresentations to the grand jury that all defendants in this case are formal members of a Nigerian criminal organization (Dkt. #1049 at pp. 1–2). The Fifth Circuit has held that "mere suspicion that an indictment was based on insufficient evidence" is not enough to warrant disclosure. *United States v. Newcomb*, 488 F.2d 190, 192-93 (5th Cir. 1974) ("Were we to hold that grand jury minutes must be turned over . . . grand jury proceedings would effectively be open at the

whim of the defense."). Similarly, mere suspicion that an indictment is based on *misrepresented or falsified evidence* is not enough to warrant disclosure. *See id*. Therefore, Adeoye has not demonstrated a particularized need in proving a ground may exist to dismiss the indictment.

The Court does not view the grand jury transcript as exculpatory evidence. However, even if the transcript is exculpatory evidence and Adeoye seeks to have it disclosed as such, he has still not met his burden. Adeoye has not alleged or presented evidence that the United States suppressed the evidence at issue or prejudice resulted from the evidence's non-disclosure. *See Banks*, 540 U.S. at 691. Therefore, Adeoye has not shown that the grand jury transcript should be disclosed as exculpatory evidence.

For the reasons discussed above, the Court has not found that Adeoye should receive unfettered access to grand jury minutes and materials. The Court denies the present motion.

## CONCLUSION

It is therefore **ORDERED** that Defendant Segun Adeoye's Motion to Access Grand Jury Minutes and Testimony Presented (Dkt. #1049) is hereby **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 16th day of January, 2024.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE