# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES § <br> § <br> v. § <br> § <br> SEGUN ADEOYE § <br> § | No. 4:21-CR-253(13) <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Segun Adeoye's Motion to Permit Mr. Cordt Akers' Expert Witness Testimony (Dkt. #1047). Having considered the motion and the relevant pleadings, the Court finds that Defendant Segun Adeoye's Motion to Permit Mr. Cordt Akers' Expert Witness Testimony should be **DENIED.**

### BACKGROUND

The United States has brought charges against Segun Adeoye ("Adeoye") and others that they did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1343 and 18 U.S.C. § 1956(h), for money laundering and wire fraud (Dkt. #862 at pp. 2–3, 12–13).

Within the alleged scheme, the United States claims that on or about May 15, 2020, Edgal Iribhogbe withdrew three cashier's checks payable to Adeoye totaling approximately $43,000 (Dkt. 862 at p. 8). Subsequently, on or about May 27, 2020, Adeoye allegedly wired $43,000 from his Chase Bank account ending in 0603 to a Japanese bank account in the name of Kyokuyo Co. Ltd. (Dkt. #862 at p. 8).

Additionally, the United States claims that the defendants, including Adeoye, used healthcare businesses to further their fraud and money laundering scheme, "such as medical clinics that fraudulently prescribed medications and narcotics to patients" (Dkt. 862 at p. 10). In support

of this claim, the United States identifies Adeoye's activities (Dkt. 862 at p. 10). Adeoye operated a family medicine clinic in the Houston Area (Dkt. 862 at p. 10). However, he allegedly wrote at least 5,500 controlled substance prescriptions, including opiates, between 2019 and 2021 (Dkt. 862 at p. 10). His alleged rate of prescription was approximately 400% greater than the average typical family medicine doctor and approximately 140% greater than the typical pain management specialist (Dkt. 862 at p. 10).

Adeoye requests that the Court allow Cory Akers ("Akers") to provide expert testimony at trial and for the Court to reimburse Akers for "his time and travel expenses" (Dkt. #1047).[1] Akers previously served as Adeoye's counsel before Adeoye decided to proceed pro se (Dkt. #787). The United States opposes Adeoye's motion and filed a response (Dkt. #1065).

## LEGAL STANDARD

"Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). Where the Court finds that such services are necessary and the person is financially unable to obtain them, the Court shall authorize counsel to obtain said services. *Id.* Within certain limitations, the Court provides compensation for the provision of such services. *Id.* § 3006A(e)(3).

The statute requires "'that the services are necessary for an adequate defense and that the defendant is financially unable to obtain those necessary services.'" *United States v. Rodriguez-Perez*, 428 Fed. App'x 324, 326–327 (5th Cir. 2011) (quoting *United States v. Hardin*, 437 F.3d 463, 470 (5th Cir.2006)). A court does not need to hold a hearing in all circumstances on an ex parte

---

[1] Adeoye is a pro se defendant in this case and has been since August 24, 2023 (Dkt. #787).

2

application for appointment under 18 U.S.C. § 3006A(e)(1). *Hardin*, 437 F.3d at 470. "To justify the authorization of [expert] services under § 3006A(e)(1), a defendant must demonstrate[,] with *specificity*, the reasons why such services are required." *United States v. Arthur*, 432 F. App'x 414, 428 (5th Cir. 2011) (internal citations omitted).

## ANALYSIS

The Court declines to rule on the admissibility of Akers as an expert at this time. However, the Court addresses whether it will reimburse Akers for any services provided as an expert witness.

For the purposes of this motion, the Court assumes Adeoye meets the indigency requirements of 18 U.S.C. § 3006A(e)(1). Therefore, the Court considers whether Adeoye has met his burden to demonstrate, with specificity, why the requested services are required. *See Gadison*, 8 F.3d at 191.

Adeoye claims that Akers "can offer [cogent] argument about admissibility of evidence" (Dkt. #1047 at p. 4). Additionally, Adeoye claims that "Akers' testimony is necessary to expose potentially dubious strategies and theories of the prosecution" (Dkt. #1047 at p. 4).

The United States objects to Adeoye calling Akers as an expert witness (Dkt. #1065 at p. 7).

Adeoye has not met his burden of justifying the government compensation of an expert witness under 18 U.S.C. § 3006A(e)(1). Adeoye's reasons justifying the authorization of an expert witness are general and not specific. *See United States v. Bonner*, 1:19-CR-310-1-RP, 2021 WL 1392066, at *2 (W.D. Tex. Apr. 13, 2021). The reasons Adeoye provides fall into two categories: (1) arguing on the admissibility of evidence, (2) exposing potentially dubious strategies and theories of the prosecution (Dkt. #1046 at p. 4). Regarding the first category, it is not the role of an expert witness to argue on the admissibility of evidence. *See* F. R. Evid. 702(a). In both categories, Adeoye

3

did not provide any specific information on why he needs the services of Akers, beyond generally commenting on the admissibility and weight of evidence or addressing "potentially dubious" strategies and theories of the prosecution. *See Arthur*, 432 F. App'x at 428.

For the reasons discussed above, Adeoye did not meet his burden to demonstrate, with specificity, the reasons why an expert witness is required. Therefore, the Court declines to authorize reimbursement or compensation to Akers for any services provided to Adeoye as an expert witness.

## CONCLUSION

It is therefore **ORDERED** that Defendant Segun Adeoye's Motion to Permit Mr. Cordt Akers' Expert Witness Testimony (Dkt. #1047) is hereby **DENIED.** The Court does not to rule on the admissibility of Cordt Akers' testimony as an expert witness at this time. Further, the Court declines to authorize reimbursement or compensation to Cordt Akers for any services provided to Segun Adeoye as an expert witness.

**IT IS SO ORDERED.**

SIGNED this 19th day of January, 2024.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE