# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES § | |
| § | |
| v. § | No. 4:21-CR-253(13) |
| § | Judge Mazzant |
| SEGUN ADEOYE § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Segun Adeoye's Motion to Preclude Prosecution's Use of Potentially Prejudicial Characterizations and Aliases (A.K.As) in Referencing Defendants (Dkt. #1048). Having considered the motion and the relevant pleadings, the Court finds that Defendant Segun Adeoye's Motion to Preclude Prosecution's Use of Potentially Prejudicial Characterizations and Aliases (A.K.As) in Referencing Defendants should be **DENIED.**

### BACKGROUND

The United States has brought charges against Segun Adeoye ("Adeoye") and others that they did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1343 and 18 U.S.C. § 1956(h), for money laundering and wire fraud (Dkt. #862 at pp. 2–3, 12–13).

Within the alleged scheme, the United States claims that on or about May 15, 2020, Edgal Iribhogbe withdrew three (3) cashier's checks payable to Adeoye totaling approximately $43,000 (Dkt. 862 at p. 8). Subsequently, on or about May 27, 2020, Adeoye allegedly wired $43,000 from his Chase Bank account ending in 0603 to a Japanese bank account in the name of Kyokuyo Co. Ltd. (Dkt. #862 at p. 8).

Additionally, the United States claims that the Defendants, including Adeoye, used healthcare businesses to further their fraud and money laundering scheme, "such as medical clinics

that fraudulently prescribed medications and narcotics to patients" (Dkt. 862 at p. 10). In support of this claim, the United States identifies Adeoye's activities (Dkt. 862 at p. 10). Adeoye operated a family medicine clinic in the Houston Area (Dkt. 862 at p. 10). However, he allegedly wrote at least 5,500 controlled substance prescriptions, including opiates, between 2019 and 2021 (Dkt. 862 at p. 10). His alleged rate of prescription was approximately 400% greater than the average typical family medicine doctor and approximately 140% greater than the typical pain management specialist (Dkt. 862 at p. 10).

On December 26, 2023, Adeoye filed the present motion (Dkt. #1048).[1] The United States opposes Adeoye's motion and filed a response (Dkt. #1063).

## LEGAL STANDARD

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F. R. Evid. 403. "Virtually all evidence is prejudicial; otherwise it would not be material. The prejudice must be 'unfair.'" *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir. 2006). "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

## ANALYSIS

Adeoye raises two (2) issues in the present motion. First, he argues that the Court should prohibit the United States from using "prejudicial narratives and designations," such as, but not

---

[1] Adeoye is a pro se defendant in this case and has been since August 24, 2023 (Dkt. #787).

2

limited to, "predator," "predatory nature," "preying," "victim," "vulnerable victims," or "grooming" (Dkt. #1048 at pp. 1–3). Second, Adeoye requests that the Court prohibit the United States from using aliases to refer to the Defendants (Dkt. 1048 at pp. 3–7).

I.   **Potentially Prejudicial Characterization**

Adeoye argues that the Court should prohibit the United States from describing the Defendants and their actions using terms such as "predator," "predatory nature," "preying," "victim," "vulnerable victims," "or grooming" because "the jury [will] likely [] be unduly influenced by prejudicial narratives and designations with pejorative connections (Dkt. #1048 at p. 3). "The use of these labels is at best prejudicial, and at worst, convicting with 'aggravating' spanning the spectrum between extremes" (Dkt. #1048 at p. 3).

In response, the United States argues no such terms are "improper language" (Dkt. #1063 at p. 8). The United States claims that it will not engage in name calling (Dkt. #1063 at p. 8). Rather, the United States will present testimony about a technique called "grooming" (Dkt. #1063 at p. 8). A person "grooms" a victim by talking and bonding with the victim over a number of weeks before asking the victim for money (Dkt. #1063 at p. 8). The victims are often vulnerable due to age, isolation, or mental state (Dkt. #1063 at p. 8).

The Court will not prohibit the United States from using the above-discussed terms to describe the Defendants and their actions. The United States has agreed to not engage in name calling with the Defendants (Dkt. #1063 at p. 8). The use of the above-discussed terms will allow the United States to explain how the alleged scheme and the techniques involved functioned (Dkt. #1063 at p. 8). *See First v. AGNO Corp.*, No. 7:210-CV-0006-O, 2022 WL 3344615, at *2

3

(N.D. Tex. Mar. 10, 2022). The United States' need to use this evidence outweighs any potential unfair prejudice.

## II. Reference to Defendants via Aliases

Next, Adeoye requests that the Court prohibit the United States from using aliases to refer to the Defendants because "[j]urors will with absolute certainty associate aliases with criminal gang affiliation" (Dkt. 1048 at pp. 3–7). The aliases that Adeoye identifies are nicknames that are traditional shortening of names, legal middle names or initials, and other nicknames deriving from popular media, cultural sources, or physical appearance (Dkt. #1048 at pp. 4–7).

The United States responds that "[i]f the government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with act charged, inclusion of the alias in the indictment is both relevant and permissible" (Dkt. #1063 at p. 8) (quoting *United States v. Clark*, 541 F.2d 1016, 1018 (4th Cir. 1976)). "If the government fails to offer proof relating to the alias used or if the alias, although proven, holds no relationship to the acts charged, the motion to strike may be renewed, the alias should be stricken, and an appropriate instruction given to the jury" (Dkt. #1063 at p. 8). Therefore, [t]he use of aliases in the indictment and as proof at trial is permissible" (Dkt. #1063 at p. 8).

Although the Fourth Circuit decided *United States v. Clark*, the Fifth Circuit addressed the usage of aliases in *United States v. Roberson*. 124 Fed. App'x 860 (5th Cir. 2005). In *Roberson*, the trial court had denied the defendant's motion to exclude any reference to his nickname (or alias), "Loco," under Rules 401 and 403 *Id*. at 861. The Fifth Circuit found that the defendant's nickname was probative because multiple witnesses knew him by his nickname. *Id*. at 862. Further, the

4

nickname was not unfairly prejudicial to the defendant because he referred to himself as "Loco" and the nickname "Loco" is not suggestive of a criminal disposition. *Id*.

The aliases that Adeoye identifies in the present motion meet the previously discussed requirements. Many individuals, potentially including witnesses in this case, know each of the mentioned Defendants by their aliases (Dkt. #1063 at p. 4). In each of the instances Adeoye mentions, the Defendants appear to either refer to themselves as or at least identify with the listed aliases (Dkt. #1063 at pp. 4–7). Finally, each listed alias is a mundane nickname, as opposed to being suggestive of a criminal disposition as Adeoye shows in his explanation of each alias (Dkt. #1063 at pp. 4–7). Therefore, the Court will not exclude any reference to the Defendants' aliases.

## CONCLUSION

It is therefore **ORDERED** that Defendant Segun Adeoye's Motion to Preclude Prosecution's Use of Potentially Prejudicial Characterizations and Aliases (A.K.As) in Referencing Defendants (Dkt. #1048) is hereby **DENIED.**

**IT IS SO ORDERED.**
**SIGNED this 19th day of January, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE